DONALD W. McCOY AND GLORIA A. McCOY, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCoy v. Commissioner
Docket No. 26801-90
United States Tax Court
T.C. Memo 1992-423; 1992 Tax Ct. Memo LEXIS 444; 64 T.C.M. (CCH) 280; July 27, 1992, Filed *444 As appropriate order and decision will be entered. For Petitioners: Walter Weiss. For Respondent: Ferdinand J. Lotz. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This matter is before the Court on petitioners' motion for allowance of reasonable litigation costs filed pursuant to section 7430 and Rule 231. [1]
This case was settled without trial. A stipulation of settlement was filed with the Court on February 28, 1992. Respondent filed a response to petitioners' motion and petitioners then filed a reply to respondent's response to petitioners' motion. Pursuant to section 7430(a), the "prevailing party" in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable *445 costs incurred in connection with such proceeding. Petitioners bear the burden of proof that they are entitled to such an award. Rule 232(e); . To be eligible for an award of litigation costs, petitioners must establish that: (1) All administrative remedies available to them have been exhausted; and (2) they satisfy the statutory definition of a prevailing party. Sec. 7430(b)(1) and (c)(4). To fall within the statutory definition of prevailing party, petitioners must establish that: (1) The position of the United States in the proceeding was not substantially justified; (2) they have substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) they meet specified net worth requirements. Sec. 7430(c)(4)(A)(i)-(iii). Respondent agrees that petitioners have substantially prevailed in this case and that the position of respondent was not substantially justified. Respondent also agrees that petitioners have not unreasonably protected the proceedings in this case. Section 7430(b)(4). Respondent does not agree that petitioner *446 has exhausted all available administrative remedies or that petitioner meets the net worth requirement, nor does she agree that the amount of costs claimed is reasonable. In her response to petitioners' motion for costs, respondent specifically stated that she does not agree that petitioners meet the net worth requirement of section 7430()(4)(A)(iii) because petitioners had not submitted proof of their net worth. In petitioners' reply to respondent's previously filed response to petitioners' motion, no mention was made of the net worth requirement. In , we denied the taxpayer's motion for award of litigation costs on the ground that taxpayer offered no proof as to net worth. As we stated in : In this case, it is obvious that petitioners are aware of the net worth requirements. Petitioners were put on notice that respondent was specifically objecting to an award of litigation costs because of petitioners' failure to offer any proof of their net worth. Petitioners, nevertheless, failed to provide any supporting information to establish their net *447 worth or to even address the issue in their supplemental motion and reply brief. Petitioners have not asked for a hearing to specifically address this issue in accordance with Rule 231(b)(6). Having failed to offer any proof that they meet the net worth requirements necessary to be a "prevailing party" under section 7430(c)(2)(A)(iii), petitioners are not entitled to an award of litigation costs. Since petitioners have offered no proof as to their net worth, their motion for award of litigation costs will be denied. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩